IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MYRON W. LOCKEY, JR.                                                      PLAINTIFF

VERSUS                                              CIVIL ACTION 1:11cv70-LG-RHW

CMRE FINANCIAL SERVICES, INC.                                           DEFENDANTS

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

**COME NOW** Defendant, CMRE Financial Services, Inc., pursuant to Fed. R. Civ. P. 56(b) and moves this Court to dismiss the Complaint or for summary judgment in its favor dismissing the Complaint filed against it by Myron W. Lockey, Jr., for the following reasons.

1. **Procedural History And Relevant Undisputed Facts**

1. The Complaint, Exhibit "A", was originally filed in the Circuit Court of Jackson County, Mississippi and timely removed to this Court on the basis of "federal question" jurisdiction because the Complaint seeks relief under the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq.* (the "FDCPA").

2. The Complaint consists almost entirely of generic uninformative subjective legal conclusions. However, a fair reading of the Complaint suggests that Mr. Lockey is asserting a single "overshadowing" claim under the FDCPA, a claim under the Mississippi Consumer Protection Act and a claim for punitive damages under Mississippi common law. CMRE has concurrently filed an Answer denying all liability and raising the affirmative defenses presented by its Summary Judgment Motion and others.

3. The specific portions of the Complaint relevant to this motion and the material facts which are both undisputed and demonstrate that CRME is entitled to a summary judgment in its favor dismissing all claims in the Complaint are as follows:

    a. <u>The FDCPA "overshadowing" claim</u>

4. Mr. Lockey claims to be a "consumer debtor" as defined by 15 U.S.C. §1692a(3), who incurred a "debt" as defined by 15 U.S.C. §1692a(5), which triggered his receipt, on or about October 5, 2010, of an initial dunning letter or "communication" as defined by 15 U.S.C. §1692a(5) from the defendant, CMRE, alleged to be a "debt collector" 15 U.S.C. §1692a(6).

5. According to ¶¶'s 13-16 of the Complaint, the following language in the October 5, 2010 correspondence allegedly "overshadows" or contradicts the notice of Mr. Lockey's right under the FDCPA to dispute the validity of the debt within 30 days:

> The above listed account has been assigned to our office for collection. Our client has given you all the extension of time they feel is justified.

6. This statement appears in a separate paragraph before a paragraph inviting the debtor to contact CMRE and a toll-free telephone number during given business hours, followed by another paragraph advising the debtor how payments may be made with various credit cards 24 hours a day 7 days a week. The next paragraph reads:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification; and will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. P-1 to Complaint.

7. As will be illustrated below, this language faithfully tracks the requirements of 15 U.S.C. . § 1692g(a)(1)-(2).

  b. <u>Mississippi Consumer Protection Act claim</u>.

8. Additionally, the Complaint alleges at ¶¶ 18-19:

> 18. That Defendant employed unfair or deceptive acts to collect the debt in violation of Miss code Ann §75-24-5
> 19. That Plaintiff is entitled to damages as a result of Defendant's violations of Miss code Ann §75-24-5.

9. Both citations are to the Mississippi Consumer Protection Act. There are no allegations anywhere in the Complaint that Mr. Lockey purchased any goods or services from CMRE. Likewise, there are no allegations that Mr. Lockey, prior to filing suit, has made any reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Mississippi Attorney General's office.

  c. <u>Punitive damage claim</u>

10. Finally, at ¶ 27 of the Complaint it is alleged:

> 27. That the Accepted Defendant described herein were committed with malice, intent, wantonness, recklessness, and as such, the Defendant is subject to the imposition of punitive damages.

11. No other facts are alleged in this paragraph or elsewhere in the Complaint to substantiate this allegation.

Based on these material undisputed facts, CMRE respectfully submits that it is entitled to a summary judgment in its favor as a matter of law dismissing all claims in the Complaint and awarding CMRE is reasonable attorney's fee incurred if it successfully secures the dismissal of Mr. Lockey's Mississippi Consumer Protection Act Claim for the following reasons:

1. **Applicable Standard of Review.**

12. Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.

> 2. **Based on *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir.2002) summary judgment dismissing the FDCPA "overshadowing" claim is proper because the innocuous statement in CMRE's letter that "[o]ur client has given you all the extension of time they feel is justified" is not a request payment in a "concrete period shorter than the 30-day statutory contest period."**

13. In *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir.2002), the Fifth Circuit reviewed a case in which a district court had granted summary judgment in favor of a FDCPA debt collector and against the plaintiff debtor who claimed that that a letter informing the debtor that collection activity would continue until the debt was fully paid did not contradict language in the validation notice.

14. The two sentences at dispute in *Peter* were: "FULL COLLECTION ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN FULL.... TO AVOID FURTHER COLLECTION ACTIVITY, YOUR STUDENT LOAN MUST BE PAID IN FULL." *Id.* at 349. The Fifth Circuit reasoned that most contradiction findings involve letters that request payment in a "concrete period shorter than the 30-day statutory contest period." *Id.* Because the *Peter* letter did not specify a concrete time period, the Fifth Circuit found that it did not contradict the section 1692g notice. Furthermore, the plaintiff in *Peter* urged the court to follow an unpublished district court opinion from New York. In that case, the dunning letter was found to be in violation of section 1692g because it failed to inform the consumer that the collection process would be halted if the consumer exercised its validation rights. Id. at 350, n. 3. The Fifth Circuit rejected this argument:

"[T]here is no statutory requirement that collectors inform debtors that collection activity will stop pending the collectors response to the debtor's request for additional information on the debt or the original creditor." *Id.* Put another way, Congress did not require debt collectors to inform consumers of section 1692g(b) rights in dunning letters, therefore, there is no violation of section 1692g(a) if debt collectors do not include section 1692g(b) rights in the dunning letters.

15. The innocuous statement in CMRE's letter that "[o]ur client has given you all the extension of time they feel is justified" is not a request payment in a "concrete period shorter than the 30-day statutory contest period." *Peter*, at 349. Because it does not do so, *Peter* demonstrates why *as a matter of law* that, at least in the Fifth Circuit, this statement does not contradict the section 1692g notice. It thus becomes apparent that CMRE's dunning letter did not violate 15 U.S.C. § 1692g because it did not contradict or overshadow the section 1692g(a) validation rights. Therefore, summary judgment in favor of CMRE on Mr. Lockey's FDCPA "overshadowing" claim is appropriate.

3. **Summary judgment is appropriate on the Mississippi Consumer Protection Act claim because Mr. Lockey does not claim that CMRE sold or leased any goods or services to him and because he does not allege he has made any reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General, as required by §75-24-15(2). If CMRE prevails on this claim, it should be awarded its reasonable attorneys fees pursuant to Miss Code Ann §75-24-15(3).**

   a. **MCPA does not apply because Mr. Lockey does not claim that CMRE sold or leased any goods or services to him.**

16. The Mississippi Consumer Protection Act ("the MCPA") appears at Miss. Code Ann. §§75-24-1 et seq. The only provision of the MCPA authorizing private actions at all is this Code and §75-24-15, which provides in pertinent part: "[A]ny person who purchases or leases goods or services primarily for personal, family or household

purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of [sic] employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75-24-5 may bring an action at law ... to recover such loss of money or damages for the loss of such property...."

17. Mr. Lockey Complaint does not allege that he has "purchased" or "leased" "goods or services" from CMRE as contemplated by §75-24-5.

18. CMRE is a collection agency engaged by a creditor to collect a bill which Mr. Lockey failed to pay. CMRE did not try to sell anything to Mr. Lockey and did not offer to provide him any services.

19 Therefore, by its express terms the MCPA does not create the cause of action supposed to exist by the Plaintiff.

    **b.    The complaint does not allege any that plaintiff has made any reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General, as required by §75-24-15(2) so the Court lacks subject matter jurisdiction even if the Act does apply.**

20. In addition to its "purchase" requirement, the MCPA section authorizing private rights of action contains a prerequisite that the plaintiff's attempt to resolve their MCPA claims through the auspices of the Attorney General's office prior to filing suit, which Mr. McClelland's Complaint does not allege that he attempted to do. Pursuant to subsection (2) of §75-24-15, "[i]n any private action brought under this chapter, *the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General.*" (emphasis added). No such allegation appears in the Complaint.

21. According to a long line of Mississippi federal and state cases cited in CMRE's supporting memorandum, a plaintiff's failure to try to resolve their claims through an

informal dispute settlement program approved by Mississippi's Attorney General before filing their complaint deprives a court of jurisdiction to consider any such claim.

22. Mr. Lockey's "private action" §75-24-15 MCPA claim fails as a matter of law because (a) CMRE is not a person or entity against whom such an action may be properly brought; (b) the activity complained of in the Complaint is not a "method, act or practice prohibited by §75-24-5, and (c) the Complaint does not allege that Mr. Lockey has "first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General," as required by §75-24-15(2). Accordingly, summary judgment disposition of this claim is appropriate at this stage.

### c. If CMRE prevails on this claim, it should be awarded its reasonable attorneys fees pursuant to Miss Code Ann §75-24-15(3).

23. Additionally, Miss Code Ann §75-24-15(3) provides that: "[i]n any action or counterclaim under this section of this chapter, a prevailing defendant may recover in addition to any other relief that may be provided in this section costs and a reasonable attorney's fee, if in the opinion of the court, said action or counterclaim was frivolous or filed for the purpose of harassment or delay." Where a party charges a violation under the MCPA and is not successful in recovering under that charge, the opposing party is entitled to attorneys fees for defending the allegations even though it is determined that the allegations of the complaining party did not in fact come within the purview of the MCPA.

24. In the event that CMRE is forced to ultimately secure a ruling from this Court holding that Mr. Lockey is not entitled to invoke or receive any relief under the MCPA, CMRE further requests that the Court reimburse it for its reasonable attorney's fees for defending against this particular claim.

### 4. The FDCPA preempts punitive damages in excess of $1000 per case and no grounds exist for punitive damages under Mississippi law because Mr. Lockey's federal and state law claims for compensatory damages are groundless as matter of law.

25. The FDCPA, specifically 15 U.S.C. § 1692k(a)(1) states that a debt collector is liable for "any actual damage sustained by [the debtor] as a result of" a failure to comply with the proscriptive provisions of the Act. This provides for compensatory damages. To the extent that state common law allows compensatory damages, the protection it provides is co-extensive with the damages provision of the FDCPA. It is, therefore, not "greater than the protection provided" by the FDCPA and is preempted. 15 U.S.C. § 1692n.

26. Therefore, to the extent that Plaintiff seeks punitive damages in excess of $1,000.00, her claims conflict with the limitation on liability found in § 1692k(a)(2). Those claims are therefore preempted.

27. Even if this were not so, we have previously explained in detail why Mr. Lockey does not have a viable FDCPA "overshadowing" claim according to *Peter* and why he has no viable MCPA claim under state law under a long line of Mississippi cases. Therefore, there is no legitimate underlying federal or state law basis for actual damages in this case. The Fifth Circuit Court of Appeals, applying Mississippi law, held that absent actual damages arising from a legally cognizable cause of action, Mississippi would not allow punitive damages. Exemplary or punitive damages are additional to compensatory damages. They are, as the Mississippi Supreme Court has said, added damages. There being no actual damages, there can be no addition. This prohibition was subsequently codified in 1993 in Miss Code Ann §11-1-65(1).

28.     Where a plaintiff fails to plead or prove a legally cognizable cause of action, this Court has properly refused to allow punitive damages under Mississippi law. The same result is called for here. Mr. Lockey's punitive damage claim should be disposed of by summary judgment ruling in favor of CMRE for the same reason.

**WHEREFORE PREMISES CONSIDERED,**

1.     Summary judgment disposition of Mr. Lockey's groundless FDCPA "overshadowing" claim is appropriate as a matter of law based on *Peter*.

2.     His Mississippi Consumer Protection Act claim is not even justicable under the Act and even if this were not so, the Complaint fails to allege a necessary jurisdictional prerequisite to invoke relief under the Act. If the Court agrees, CMRE should be awarded its reasonable attorneys fees for successfully defending against this claim.

3.     Finally, the FDCPA preempts punitive damage claims in excess of $1000, but since the only FDCPA claim and state law claim asserted in the Complaint are not legally cognizable, summary judgment is appropriate on the remaining punitive damage claim because Mr. Lockey has no hope of recovery of actual damages under the state or federal law claims asserted in the Complaint.

4.     CMRE. alternatively moves the court for such other appropriate relief as may be appropriate.

Respectfully submitted, this 7th day of March, 2011.

**CMRE FINANCIAL SERVICES, INC.**

By Its Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.


By: /s/ *William V. Westbrook, III*
William V. Westbrook, III


William V. Westbrook, III (MS Bar No. 7119)
WATKINS LUDLAM WINTER & STENNIS, PA
2510 14th Street, Suite 1125
P.O. Box 160 (39502-0160)
Gulfport, MS 39501
Telephone: 228-864-3094
Facsimile: 228-864-0516
Email: wwestbrook@watkinsludlam.com

## CERTIFICATE OF SERVICE

I, William V. Westbrook, III, hereby certify that I electronically filed the above and foregoing pleading with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to the following ECF participant:

>Joseph Patrick Frascogna, Esq.
>Frascogna & Frascogna, PLLC
>234 East Capitol Street, Second Floor
>Jackson, Mississippi 39201

This, the 7th day of March, 2011.

>/s/ *William V. Westbrook, III*
>William V. Westbrook, III