IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MYRON W. LOCKEY, JR. | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:11CV70 LG-RHW |
| | § | |
| CMRE FINANCIAL SERVICES, INC. | § | DEFENDANT |

<u>MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is the Motion [5] to Dismiss or for Summary Judgment filed by Defendant CMRE Financial Services, Inc.  The Plaintiff has responded.  After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury.  The Motion will be granted and the case dismissed.

FACTS AND PROCEDURAL HISTORY

Plaintiff filed this suit in the Circuit Court of Jackson County, Mississippi alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Mississippi Consumer Protection Act, MISS. CODE ANN. § 75-24-1, *et seq.*  He alleges that a communication from CMRE, a debt collector, violated these two Acts. Defendant CMRE removed the case to this Court on the basis of federal question jurisdiction and shortly thereafter filed the instant Motion seekiong dismissal.

DISCUSSION

<u>The Legal Standard</u>:

The Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6) or summary judgment under Rule 56.  Under Rule 12(b)(6), a claim should not be dismissed unless

the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007). This analysis is generally confined to a review of the complaint and its proper attachments. *Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). CMRE attached a copy of the letter at issue in this case as evidence in support of its arguments. Because the Court has considered the document in determining the Fair Debt Collection Practices Act claim, it will consider Defendant's Motion under the Rule 56 summary judgment standard.

The Fair Debt Collection Practices Act:

Plaintiff's Fair Debt Collection Practices Act claim is that CMRE sent a dunning letter to the Plaintiff containing a statement that overshadowed or was inconsistent with the disclosure of his rights to dispute the validity of the debt within thirty days of receiving the letter.[1] This claim is made pursuant to Section 1692g, which,

> requires debt collectors within five days of the initial communication regarding a debt to provide debtors with written notice containing the amount of the debt and the name of the creditor to whom the debt is owed. § 1692g(a)(1)-(2). That section also requires a written statement to debtors explaining that: (1) unless the debtor "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (2) that if the debtor notifies the collector that she is disputing the debt

---

[1] CMRE characterizes the Complaint as alleging a single overshadowing claim under section 1692g of the FDCPA, despite Plaintiff's citation to other sections of the Act. The additional sections cited refer to "the use of any false representation or deceptive means" to collect a debt, section 1692e(10), and the use of "unfair or unconscionable means to collect " a debt. Section 1692f. The Plaintiff does not object to this characterization of his claim, and the facts alleged support interpretation of the Complaint as asserting overshadowing as the alleged false, deceptive, unfair or unconscionable activity.

>   in writing within the 30 day period, "the debt collector will obtain verification of the debt [from the creditor] ... and a copy of [the] verification ... will be mailed to the consumer"; and (3) that upon debtor's request the debt collector will give him the name and address of the original creditor, if the original creditor is different from the current one. § 1692g(a)(3)-(5).

*Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002).  In the *Peter* case, the Fifth Circuit reviewed a district court's grant of summary judgment on an overshadowing claim.  The court stated that a "validation letter engages in overshadowing when the contradictory language is in 'screaming headlines,' or the notice language is in fine print, faint print, or confusing typeface."  *Peter*, 310 F.3d at 349 n.2 (citations omitted). None of those circumstances exist here.  The letter begins:

>   "This has been sent to you by a collection agency."

>   "The above listed account has been assigned to our office for collection. Our client has given you all the extension of time they feel is justified."

Mot. Summ. J. Ex. A at 6, ECF No. 5-1.

Plaintiff argues that the sentence "Our client has given you all the extension of time they feel is justified" overshadows the required statutory language regarding the thirty day period for disputing the debt.  However, when read in context of the entire letter, this sentence is merely an explanation of why Plaintiff's account has been referred to a collection agency.  It does not contradict or misrepresent Plaintiff's rights, because it does not demand payment in a concrete period shorter than the thirty day statutory contest period.  *Peter*, 310 F.3d at 349.  Plaintiff's rights are fully explained in the paragraphs that follow.  Even if the sentence consisted of contradictory language, it is not in "screaming headlines," nor is there any difference in the typeface

throughout the letter.  For these reasons, the Court finds that there is no question of material fact in regard to Plaintiff's overshadowing claim under the Fair Debt Collection Practices Act.  The Defendant is entitled to judgment as a matter of law.

<u>The Mississippi Consumer Protection Act</u>

The Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*, creates a private right of action in favor of "any person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss of money or property . . . as a result of the use or employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75-24-5 . . . ."  Miss. Code Ann. § 75-24-15(1).  As a prerequisite to bringing suit, the plaintiff "must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General."  Miss. Code Ann. § 75-24-15(2).

The Defendant first argues that Plaintiff cannot bring a private cause of action under the MCPA because the Plaintiff has not purchased or leased any goods or services from it.  "CMRE is a collection agency engaged by a creditor to collect a bill which Mr. Lockey failed to pay.  CMRE did not try to sell anything to Mr. Lockey and did not offer to provide him any services."  Def. Mem. at 10, ECF No. 6.  In response, Plaintiff only notes that the Defendant has cited no authority holding that a debt collector does *not* provide a service which may be the subject of an action under the MCPA. Pl. Resp. at 5, ECF No. 9.  It is possible that a person to whom a debt collector provides services could bring a private cause of action under the Act.  But CMRE is not providing services to Plaintiff.  He has neither purchased nor leased anything from

CMRE. He is only subject to collection actions because of his failure to pay for goods or services provided by CMRE's client. Under the plain language of the statute, Plaintiff may not bring a private cause of action under the MCPA regarding Defendant's debt collection activities.

The Defendant also argues that there is no evidence that the Plaintiff made a reasonable attempt to resolve his claim through an informal dispute settlement program approved by the Attorney General. Plaintiff contends in response that his failure to do so does not constitute a jurisdictional defect. Whether or not it constitutes a jurisdictional defect, failure to satisfy the prerequisite of an attempt at informal dispute resolution is fatal to a MCPA claim. *Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 668 (S.D. Miss. 2007). For this additional reason, Plaintiff may not bring a private cause of action against the Defendant under the MCPA.

The Defendant asks for reasonable attorneys fees incurred in defending against the MCPA claim. The Act provides that a prevailing defendant may recover "a reasonable attorney's fee, if in the opinion of the court, said action or counterclaim was frivolous or filed for the purpose of harassment or delay." § 75-24-15(3). "A complaint is frivolous if it lacks an arguable basis in law or fact." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Plaintiff's complaint in regard to the MCPA is frivolous, as he failed to meet any of the criteria for bringing a private cause of action. The Complaint lacks an arguable basis in both law and fact. Accordingly, the Defendant is may make application for attorney's fees pursuant to Fed. R. Civ. P. 54(d) following entry of judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [5] to Dismiss or for Summary Judgment filed by Defendant CMRE Financial Services, Inc. is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that CMRE Financial Services, Inc. is entitled to reasonable attorney's fees in connection with the Mississippi Consumer Protection Act claim.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE